# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PAJARITO PLATEAU
HOMESTEADERS, INC., et al.,

      Plaintiffs,

vs.                                                           CIV No. 01-1166 JC/DJS

UNITED STATES OF AMERICA,
SPENCER ABRAHAM as SECRETARY
OF THE UNITED STATES DEPARTMENT
OF ENERGY, DONALD H. RUMSFELD, as
SECRETARY OF THE UNITED STATES
DEPARTMENT OF DEFENSE, UNITED
STATES CORPS OF ENGINEERS, and
Does No. 1 through 10,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Federal Defendants' Motion to Dismiss, filed April 9, 2002 (*Doc. 18*). After review, the Court concludes that the statute of limitations has run, and it, therefore, lacks subject matter jurisdiction over this action.

**I.**    **Background**[1]

Pajarito Plateau, Inc. et al., filed this suit on behalf of a community of Hispanic-Americans who lived and owned land in Los Alamos, New Mexico during World War II. Plaintiffs assert that between 1942 and 1945, the United States government forcibly expropriated their lands and relocated

---

[1] In their complaint, Plaintiffs named the individual Defendants in their official capacities, and as such, the Court will treat the claims against them as claims against the United States, *Urabazo v. United States*, 947 F.2d 955, 1991 WL 213406, *1 (10th Cir. Oct. 21, 1991)(unpublished disposition)(citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)), and the Court will therefore apply § 2401(a) to Plaintiffs' claims against all Defendants. Plaintiffs also named Does 1-10 as Defendants, yet did not specify whether they are sued in their official or individual capacities. The Court thus will assume that Plaintiffs are suing Does 1-10 in their official capacities.

the families to internment camps in Los Alamos. The complaint further alleges that Plaintiffs "were subjected by defendants and employees or agents of defendants to false imprisonment, forced labor and involuntary servitude as well as medical experimentation against their will and without any informed consent." Compl., filed Oct. 9, 2001, at 2 (*Doc. 1*). Plaintiffs allege seven claims for relief: (1) violation of the Thirteenth Amendment; (2) violation of 42 U.S.C. § 1994; (3) violation of the Fifth Amendment, takings clause; (4) violation of 42 U.S.C. § 1982; (5) Fourteenth Amendment; (6) violation of Customary International Law; and (7) violation of the Fourth Amendment.

## II.     Standard of Review

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976); *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III.    Discussion

### A.     Sovereign Immunity

Unlike suits against private individuals or entities, a claimant cannot sue the United States unless it consents to be sued. *United States v. Mottaz*, 476 U.S. 834, 841 (1986). As such, the government defines the extent of its waiver of sovereign immunity, which, in turn, determines the

court's jurisdiction. *See id.* This doctrine thus mandates that a claimant against the United States must prove both a waiver of sovereign immunity and a grant of subject matter jurisdiction. *Taylor v. United States*, 248 F.3d 736, 737 (8th Cir. 2001).

Under 28 U.S.C. § 1346, district courts have concurrent jurisdiction with the United States Court of Federal Claims of:

> Any...civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort....

28 U.S.C. §1346(a)(2). This Act, known as the Little Tucker Act, does not in itself create a substantive right of recovery. *Taylor* 248 F.3d at 738. A claimant must assert a claim under a separate money-mandating statute, constitutional provision, or regulation. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983)("[t]he claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for damages sustained.")(citations omitted).

The only relevant constitutional provision that courts have interpreted as allowing monetary awards against the United States is the Fifth Amendment's takings clause. *King v. United States*, 21 Fed. Appx. 904, 2001 WL 1243826, at *1 (Fed. Cir. Oct. 1, 2001)(unpublished disposition)(citing 28 U.S.C. § 1491; *United States v. Testan* 424 U.S. 392, 398 (1976)). Fourth Amendment rights against "unreasonable searches and seizures" do not require compensation for damages. *Taylor*, 248 F.3d at 738. The Due Process clauses of the Fifth and Fourteenth Amendments do not allow for monetary awards, *LeBlanc*, 50 F.3d at 1028, nor do violations of the Thirteenth Amendment mandate such damages. *Carter v. United States*, 1981 WL 21523 at *1 (Ct. Cl. 1981)(court lacks

jurisdiction over non-contractual monetary claims under the Thirteenth Amendment).

### B. Statute of Limitations

Although this Court may hear monetary claims under the Fifth Amendment's takings clause, Plaintiffs' claims are time barred, so this Court may not proceed further. Section 2401(a) of Title 28 of the United States Code specifically provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." § 2401(a). Section 2401, unlike other statute of limitations, is a "jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." *Urabazo*, 1991 WL 213406 at *1 (quoting *Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987)). Furthermore, the failure of a plaintiff to file suit within the mandated six year limitation is not a waivable defense, for "it deprives the court of jurisdiction to entertain the action." *Urabazo*, 1991 WL 213406 at *1 (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir.1990).

"A claim first accrues when all the events have occurred which fix the alleged liability of the United States and entitles the claimant to institute the action." *Japanese War Notes Claimants Assoc. of the Philippines, Inc. v. United States*, 373 F.2d 356, 358 (Ct. Cl. 1967). Federal courts have tolled the six year limitations under § 2401 in three circumstances: (1) "when the United States concealed its wrongdoing so the plaintiff did not know and in the exercise of due diligence could not learn of his injury; (2) when the plaintiff's injury was inherently unknowable," *Urabazo*,1991 WL 213406 at *4 (citing *Menominee Tribe of Indians v. United States,* 726 F.2d 718, 721 (Fed. Cir. 1984)); and (3) when there is a continuing process of physical events. *United States v. 422,978 Square Feet of Land, in the City and County of San Francisco,* 445 F.2d 1180, 1188 (9th Cir. 1971).

In this case, for the purposes of § 2401, the takings occurred and the limitations period most likely began to run when the United States took physical possession of Plaintiffs' properties.[2] Plaintiffs claim that they did not file this suit prior to 2001, for they "were told that the wrongs perpetrated upon them were matters of 'national security' and 'top secret' matters and were otherwise threatened or intimidated into not taking any affirmative steps to assert their rights." Pls' Resp. and Mem. of Law in Opp'n to Fed. Defs' 4-10-02 Mot. to Dismiss (Pls' Resp.), filed April 29, 2002, at 2 (*Doc. 21*). As Plaintiffs do not assert that they did not know of the alleged wrongs or that they were "inherently unknowable," the six year statute of limitations cannot be tolled under these circumstances.

Moreover, Plaintiffs cannot and have not asserted a continuing wrong, for there is no "continuous process of physical events," which would allow for tolling of the statute of limitations. *422,978 Square Feet of Land,* 445 F.2d at 1188. In *United States v. Dickinson*, 331 U.S. 745 (1947), the Court found a taking when the government flooded the land without first condemning it and held that the statute of limitations was tolled because a flood is a continuous event that makes it difficult for the landowner to properly account for his loss.

> If a suit must be brought, lest he [landowner] jeopardize his rights, as soon as his land is invaded, other contingencies would be running against him – for instance, the uncertainty of the damage and the risk of *res judicata* against recovering later for damage as yet uncertain.... An owner of land flooded by the Government would not unnaturally postpone bringing a suit until the consequences of inundation have so manifested themselves that a final account may be struck.

---

[2] Generally, if the United States obtains possession of the property prior to acquiring title, the statute of limitations begins to run upon the former event. *422,978 Acres*, 445 F.2d at 1188. In this case, therefore, unless Plaintiffs fall under an exception, the statute of limitations began to run in 1942, when the government first entered their properties.

*Id.* at 749. Unlike *Dickinson*, the sources of the claim in the present case were individual events – the takings of the lands, and may be analogized to *Oro Fina Consolidated Mines, Inc.* v. *United States*, 92 F. Supp. 1016, 1018 (Ct. Cl. 1950), where the court held that the government's closing of a mine is a single particularized event. The court also held, however, that the statute of limitations did not begin to run at the moment of taking, for the consequences of the taking had not so manifested themselves as to allow for a final accounting or for a stabilization of the situation. *Id*. Thus assuming that the period in question (1942-1945) may be considered a continuing period that would allow for tolling, the six years would begin to run either in 1945, at which point Plaintiffs would have had to file their suit by 1951, or upon another date that would have allowed for the stabilization of the situation. *422,978 Square Feet of Land*, 445 F.2d at 1188 (a suit resulting from a continuous process of events may not be commenced until the situation stabilizes.)(citation omitted). In the present case, Plaintiffs have not asserted, much less demonstrated, that it took fifty years for the consequences of the taking to so manifest themselves that the owners could not do a proper accounting. Nor have Plaintiffs' sufficiently demonstrated that due to fears of retaliation by the government the situation did not stabilize until 2001, the date Plaintiffs filed their complaint.

### IV.     Conclusion

Because sovereign immunity has not been waived and due to statute of limitations problems, the Court lacks subject matter jurisdiction over this action.

Wherefore,

IT IS ORDERED that Federal Defendants' Motion to Dismiss, filed April 9, 2002 (*Doc. 18*) is GRANTED; and Plaintiffs' Complaint, filed October 9, 2001, 2 (*Doc. 1*) is DISMISSED for lack of subject matter jurisdiction. The action is dismissed with PREJUDICE.

Dated December 18, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:

    Gregory M. Utter, Esq.
    Matthew K. Buck, Esq.
    Cincinnati, OH

    Maureen A. Sanders, Esq.
    Albuquerque, NM

Termed Attorneys:

    Kenneth F. McCallion, Esq.
    H. Rajan Sharma, Esq.
    New York, New York

    Cheryl Hamer Mackell, Esq.
    Washington, D.C.

    Bryan P. Biedscheid, Esq.
    W. Anthony Sawtell, Esq.
    Catron, Catron & Sawtell
    Santa Fe, New Mexico

Attorney for United States:

    Raymond Hamilton, AUSA
    Albuquerque, New Mexico